I please the court, John Kroger for the State of Oregon. This case involves a 2254 petition. The petitioner alleged that he received ineffective assistance of counsel in that trial counsel did not adequately explain the elements of the offense of compelling prostitution to him prior to his plea and that he was prejudiced, that he would not have pled guilty had he truly understood the elements of those offenses. Could I just get to the first question that bothers me? How can we find that Ritchie understood the elements of compelling prostitution when your briefs considered together seem to indicate that no one knows or agrees whether Ritchie's conduct satisfied the elements of that statute? Well, I would say two things, Your Honor. First, there's a difference between what is constitutionally required here, which is understanding what the elements are, versus having a 100 percent consensus as to whether the defendant's conduct would satisfy those elements or not as a factual matter. The second thing I would say is that based on the record ---- Just a minute. So what do you mean then by understanding the elements? Do you mean reading the statute, seeing what the words of the statute are, and that's it? Well, reading and having the statute explained to the defendant. The record here shows the trial counsel spent hours discussing the elements of the offenses. But he couldn't ultimately tell him because there was no real law determining whether his behavior would come within it. No. But based on the record, it would have been irresponsible to suggest that his conduct fell outside the ambit of the statute. Or more specifically, what he couldn't tell him was whether the statute could ever apply to the John, so to speak, in a prostitution scheme, as opposed to a third-party pimplied person. No lawyer could state definitively right now whether a mere customer would fall within or without the ambit of the statute. However, the facts clearly showed that the defendant's conduct went well beyond that of being a mere customer. If you look at the count, the first count of compelling prostitution involving the minor, A.S., in that incident, the defendant lured a minor to a room with a bed, cut off the path of the woman so she could not depart from the room. Well, that was the allegation. The counterallegation was that this woman had arranged the whole thing. Well, of course, Your Honor. And the defendant would certainly have had an opportunity to go to trial if he chose and present his own account of the facts. But the facts that were presented to counsel were the ones in the allegation that led to the indictment. And those facts go well beyond the defendant being a mere customer. I mean, one of the compelling prostitution claims involved force. The other one involved a very complex manipulative scheme in which the defendant promised one girl that she could become the manager, in effect, of his store if she became his girlfriend, and did that by encouraging another minor to effectively become a madam, to go out and recruit a series of minors who could try out for the role of girlfriend by engaging in sex for pay. So trial counsel here could not have given advice that this conduct clearly fell outside the scope of the statute. It would have been irresponsible for him to do so. The facts that were presented to trial counsel suggested that even if there was an exception for a mere customer, the defendant's conduct was so far from that that he would run a very serious risk of conviction under the statute. But in some ways what troubles me more is the plea colloquy before the trial judge. It's very odd, because he was very specific with regard to the attempted rape charges and completely nonspecific with regard to the compelling prostitution charges, which was peculiar and disturbing. And it sort of faded the problem, because if he had simply done an ordinary – done with regard to the compelling prostitution charges what he did with regard to the attempted rape charges, we wouldn't be here in all likelihood. I agree with you, Your Honor, that the better practice certainly would have been for the court to have a more extensive colloquy with the defendant prior to the plea. But oddly enough, it seems to be our good practice, too. We just didn't do it here. We did it – half did it, but he didn't do it on the more difficult question. I think – I think that's correct, Your Honor. However, I don't think it was constitutionally mandated for the court to engage in that colloquy. And the – it's certainly the case that the record establishes very extensively, much more extensively than the district court opinion recognizes, that the defendant was fully briefed on the nature of the offense, understood the offense very well prior to the plea. The record in this case – there are four major pieces of evidence that show that the defendant understood the elements and the nature of the offense at the time he went in to plead. There's the statement under oath and the affidavit by his trial counsel, where trial counsel stated very specifically, I spent hours reviewing the elements of the offenses with my client. There's the plea petition itself, where the defendant acknowledged that he had discussed and been advised by counsel on the nature of the offenses to which he was pleading guilty. There is the affidavit – I mean, the deposition, excuse me, of the petitioner, which states at length that I went to the statute book, I read the statute, I looked at the relevant case law, I had a discussion with my lawyer about the relevant gray areas under the statute. That shows that the defendant was very aware of the nature of the allegations and the elements of the offense. And I think most of all, the most compelling piece of evidence in this case is the factual determination by the trial court that all of these claims were a fabrication. The state trial court held a hearing on this matter. Not only did the state trial court explicitly state that they reviewed the relevant materials it submitted, but the state trial court had an opportunity to hear firsthand from the defendant precisely what his allegations were. And minutes after hearing those allegations, the trial court made a factual determination about credibility. The trial court stated that the allegations were a fabrication, that they were not true, they were a made-up allegation, and... And what do you mean by that? That he – what was not true? That he was confused about the elements? That's correct.  He was confused about the elements because everybody was confused about the elements. I mean, the question becomes, was he – was there any obligation to be clear that the elements were unclear, and that he had to make his decision within that context? Well, I would say two things, Your Honor. First, there's a difference between confusion about what the elements are and confusion about whether a particular fact pattern will satisfy those elements or not. Either way, the defendant was aware of them. Essentially, the dispute is whether there needs to be a third party in here. And that seems like it's – it is essentially an element question, i.e., can you be convicted under the statute if there's only two parties, the customer and the prostitute, or does there have to be a third party? You have to be the third party. That's the dispute, isn't it? I don't – I don't think that's a real dispute looking at the statute. The statute uses the language of causing or inducing, and the question for the jury would be whether these elements were satisfied by the facts. And the other thing I would say is that the parallel statute for adults has to be understood as pertaining to third parties, i.e., pimps, rather than customers, because otherwise there would be 100 percent overlap with the prostitution – with the basic prostitution statute. And then the notion is that you then have to import that back into the underage provision, even though this has an additional provision, which is that the person be underage. That's the dispute, right? Your Honor, I think the dispute is slightly different. I think it's a question of whether being a mere customer satisfies the statute or not. But the argument that it can't is that it doesn't – it can't under the adult statute that is similarly worded. Yes, Your Honor. What I would say, though, is here there is no factual indication that the defendant was a mere customer. The scheme that the defendant engaged in in the two compelling prostitution counts that were pled guilty to, one involved coercion that I think would be clearly held by the State courts to fall within the ambit of that statute. The second involved a very elaborate scheme that was not a mere exchange of money between a customer and a prostitute. It involved recruiting a madam, recruiting a pimp to go out and try to find a series of minors that would have sex with the defendant in exchange for money, in the promise not just that they would get the money, but that one of them would become the girlfriend of the defendant and have an opportunity to manage his business. I just want to clarify one sort of off-to-the-side thing, which is that if we were to decide in your favor on the appeal, that we would have a remand because there is a second major issue with the case having to do with the attorney at sentence. Is that right? I think that the district court opinion did not address fully the question of whether that conflict was an error that would mandate granting of the petition. I think one option would be to remand it back to the district court for a more explicit finding as to whether that conflict was an error. However, I think it's a legal issue that could also be resolved by this court. On the facts, there's no reason to believe that that conflict was so severe that it was in any way inappropriate for the court to ask the attorney to continue. It was a very garden-variety conflict. The guilt phase of the case was already over, and what was going to happen was going into a routine sentencing session at which mandatory minimums would apply. So I think the court could simply reverse the district court and their granting without having to remand the case back to the district court, because I think that question could be resolved as a matter of law. If there are no further questions, I'd like to reserve the remainder of my time for rebuttal.  All right. And over to Justice Breyer. The next witness is Miss Serra. Mr. Ritchie, Sixth Amendment rights to the effective assistance of counsel were violated here, and the case, as your questioning I think has focused on, is about what counsel advised Mr. Ritchie compelling prostitution meant, and It appears what he, from what I can define, that what he told him was it may mean X and it may mean Y, and there is no case law that establishes which one it means. And so you're taking a chance if you assume that it means X rather than Y, and why isn't that perfectly good advice? Well, I think it's actually quite clear, if you look at his affidavit, which has a very detailed recitation of the facts that counsel understood and which presumably he advised Mr. Ritchie based upon, he's at odds with the State's recitation of those facts, that even two years after his representation of Mr. Ritchie at the plea, counsel still didn't get it. He didn't see that the Oregon courts in Williams and Woods had said it's more than just providing an opportunity for a willing minor. Well, I don't really see that. Where did they say that? This issue was never decided, was it? This specific issue has never been decided because, as far as we can tell from at least the reported cases, there's never been a theory of prosecution like this. I mean, if you go back, this case was charged because Aren't there cases out of other states with similar statutes applying this statute under to the customer rather than to a third party? The government I think or the state rather does cite a case, I think it's Wisconsin, somewhere up there. There are a couple. I thought there was more than one. That does that. That's farfetched. No, and it could decriminalize, and it could mean that. But where does the Oregon ever say it isn't so? Well, in the Wood case and in the Williams case, Williams being the Oregon Supreme Court, Wood being the Oregon Court of Appeals, the state said it's more than an opportunity, and these are cited at 17 and 18 of my brief and quoted there, more than an opportunity for a willing minor must also influence, persuade, or prevail upon her to do so. Now. But that doesn't say it has to be a third party. It doesn't say that, no. But it says there's more than the opportunity. And we've just heard an argument about why there are, on the alleged facts, on the facts that the government was going to endeavor to prove, whether they were true or not, that there was more. Well, I'll attempt to finish the point you're making or at least try to respond to it more fully. And then I'll try to deconstruct those facts. As you asked the Attorney General, there's a parallel statute, which is promoting prostitution, which uses these terms, induce or cause, which are really at the heart of what this means and what the Woods and Williams courts were speaking to. That statute of issue here says to induce or cause a minor or one under 18. The promoting prostitution says induce or cause a person. If the facts upon which counsel advised Mr. Ritchie, as set forth in counsel's affidavit in the post-conviction case, are true, there is no way that induce or cause cannot mean a good deal more, as the Oregon courts allude to in the cases I cited, because that would make any act of prostitution, which is a misdemeanor in Oregon, a felony of promoting prostitution under the parallel language in the promoting statute, which is used in the compelling statute. Now ---- Let me just ask about that. Looking to the parallel statute, couldn't there well be a reason to differentiate between adults and minors? Well, undoubtedly there is. And if you read the Woods and Williams cases, they talk about that difference. Indeed. But it is the meaning of those terms which is rendered senseless in the promoting statute if the theory upon which defense counsel erroneously thought Mr. Ritchie could be convicted was what those same terms mean in the compelling statute. What should the counsel have said to his ---- to Ritchie? Counsel, I believe, should have said it is highly likely that your conduct does not meet the statutory definition. I'm going to file a vagueness challenge to this language, and we'll find out what it means. He ---- it's really telling if you look at counsel's affidavit also. He talks about from day one, Mr. Ritchie told us to go see this other victim, R.T. And we finally found her because he kept insisting. And she told us the complainant in count one in this forcible rape charge, A.S., called me and said, I'll give you ---- I'll pay your bus ticket to come up here. And then once she's up here, A.S. gets her to prostitute herself to Mr. Ritchie. She says, A.S. did that before with me in Southern Oregon, before I ever came up here and met Mr. Ritchie. She says that A.S. told me when A.S. tried rape as charged in count one, follow my lead and we will own his pet store. There's discussion within the briefing that Mr. Ritchie would have pled guilty anyhow, and the only reason he moved to withdraw his plea is because he learned new facts in the pre-sentence report. What were the new facts? All the facts pretty much were in ---- I want to speak to that. I also want to urge you again to look at the pre-sentence report because it lays out the dates of the interview with R.T. and shows that it was more than three months before the plea. And counsel says in his affidavit, we fully discussed that interview. The new fact that's there is in a victim's impact statement, a second of the girls who prostituted themselves, whose initials are A.R., states to the pre-sentence writer in this written statement, why are you sentencing Mr. Ritchie? A.S. is the one who got money for this. Wasn't the facts as the lawyer understood them, and I think as the pre-sentence report writer, but I'm not sure about that, was that the ---- that it was Mr. Ritchie who instigated the whole thing by telling this woman, go find me a new girlfriend. The facts certainly say, and I don't think Mr. Ritchie ever contested, that first he had sex with A.S. willingly, statutory rape. Mr. Ritchie is not saying he didn't commit statutory rape. He's not saying he wasn't guilty of the misdemeanor of prostitution. It's these other issues he's always complained about, the compelling issue. And he pled no contest to the other charges because he didn't believe he was factually guilty of those. As you noted, on the plea petitions, the supposedly sort of clear exposition of everything which the post-conviction judge and Mr. Kroger allude to says, the reason, the factual basis for this plea, which is the not-exported colloquy, is I understand that my conduct made me guilty of this crime. There is no factual recitation. It is very much a flag. Wait a minute. You know, what has this guy been told? But the mother... I'm sorry. I didn't hear what you just said. I think it should have been a flag to the trial judge to engage in colloquy. What has this guy been told? Now, there's a statutory obligation in Oregon. I would agree perhaps... But we know what he was told. Now, there doesn't seem to be any dispute about what he was told. The question is whether it's constituted ineffective assistance or it didn't. Well, I don't think we clearly know what he's told. I mean, he, the State at many points wants to point to his deposition, and I think his deposition is entirely consistent with trial counsel's affidavit. Exactly. So we... But he's clearly saying, you know, what does this mean? What does it mean to cause? What does it mean to induce? And counsel couldn't tell me. Counsel says about R.T., the witness he didn't seem to want to get, that I told him it was a double-edged sword to get her. But when they got her, what she said is exactly what he'd been saying. And counsel says that in his affidavit as well, essentially. But they also got what's the second and a third charge regarding her. That's why it was a double-edged sword. Well, it's a double-edged sword because it proves the prostitution and it proves the statutory rape. But Mr. Ritchie wasn't contesting those charges. And, again, that's kind of worn out where he says, and what Mr. Ritchie's told me also, counsel says in his affidavit, the double-edged sword that counsel perceived was blunt on one side because Oregon statute against compelling prostitution didn't meet the conduct here. And Judge Hagerty very clearly deconstructs the post-conviction court's decision when he says it's not entitled to reference or, excuse me, entitled to deference by noting the post-conviction court relies on two things. One, the very detailed plea petitions, which we've just been talking about, that have no detail about this critical point, and the colloquy doesn't provide that detail either. In fact, it's notable in not doing so in comparison to the colloquy on the attempted rape charges where there is detail. And he then focuses upon the post-conviction court talks about counsel's affidavit and basically counsel's affidavit opining and commenting that Mr. Ritchie is manipulative and lying, and that's ostensibly it. Judge Hagerty first comment, first deconstructs that there was nothing detailed as to the relevant points in either the plea colloquy or the plea petitions, and then he goes through the deposition and notes how the facts raise very grave questions about whether this conduct could meet the meaning of this statute. Now, the plea, at least with regard to the first charge, resulted in a long sentence, but less than would have been the case if he pled to the entire thing, right? The attempted rape charges we're talking about now? Yes. Yes. There was a custodial sentence. With respect to the third, the last charge, there was no other charge. But presumably the plea agreement was only going to operate if he pled to everything. I think that's right. And let me say this. I hope it's responding to you because it's something that caught me in their reply was an argument that he only raised complaints about the compelling prostitution charges when he tried to withdraw his pleas before sentencing. That's true, but if he succeeded in that, undoubtedly the State was going to say, well, then everything's back on the table, and I don't think that made any sense. Is that kind of what you were talking about? Well, yes, but I'm also saying as a consequence that a well-advised if the lawyer had gone to him and said, and it appears this is what he did say, pretty much, the statute isn't clear. I don't know whether it could – here's an argument about why it applies, here's an argument about why it doesn't apply. Obviously, there's going to be disputes about the facts. You may not be able to prove your facts. They may believe the State's facts instead. And moreover, you're facing an extremely long sentence, at least as to the first count and the second count. And so by pleading to this compelling prostitution, we will at least have a shorter sentence, which you might get anyway because A, the law might be not what we like, or B, the facts may be not what we like. Now, what's wrong with that? Okay. And I guess I would say I don't really see this case as being about the facts. I think we need to take the facts the trial counsel puts forth in his affidavit.  Because he was advising. As opposed to the facts that he thought that – in any instance in which you're advising a client to plead guilty, you always have to be accepting the possibility that you're not going to be able to prove your facts. Two reasons why. Number one, as Judge Hagerty notes, counsel's antipathy to the client is very obvious, and I think you can fairly infer from that that anything that he'd warned the client about or that would help him defend against his charges would have been there. But secondly, and more importantly, the facts that he set forth, that is, that R.T. said, you know, she's the one who arranged this as she had before. She paid for me to come up here. They defeat everything but the prostitution and the statutory rape charges. That's later confirmed by a second of these victims. It's – you're correct that the other two counts he pled to, the attempted rape ones, carried sentences, and they didn't enhance his sentence. And tell me exactly why they defeated. It's not, in your view, because you need a third party. So exactly why is it? Okay. It's the forcible rape charges because there was no force. That's just something that A.S. made up so that they could own them. Right, but nobody has to believe that. Nobody has to believe that, but it comes from two of the other victims in this case. I, as a trial lawyer, would be delighted to take that before a jury. And Mr. Ritchie, ever since shortly – All right. Let's leave that aside for now. What about – what exactly are you saying about the compelling prostitution charges? I'm saying – About why they don't apply here. They don't apply because Oregon's legislature constructed a statutory scheme geared at punishing the pimps. And while – So you are saying it has to be a pimp. That's what I'm trying to condemn. Yes, I think that's so. And I think you get that from Wood and Williams, and it is corroborated by the language of the Promoting Prostitution section. How can you get that from Wood and Williams? Because they say it is not only providing the opportunity for a willing minor to engage in sexual conduct, and they say that – I'll find the site for you. For example, if you had a potential customer who went and found a girl who had never been engaged in prostitution and either coerced her or persuaded her or enticed her with gifts or something to begin being a prostitute for him, that would not meet the statute in your view. Well, that's what A.S. did here, right? She influenced, persuaded and prevailed upon the other girls to do this. No, no. I'm not saying that. I'm saying if he as a customer went out and found some girl who had never done any prostitution and gave her presents or coerced her or threatened her or did something that persuaded her to give sex for money to him, not to somebody else, and you're saying that couldn't violate the statute? I'm saying on the facts of this case, as they're set forth in the affidavit, it certainly doesn't. I think the way I'm hearing it, I would say, no, it doesn't on that statute either, on that situation either. It is the intermediary who is – And how would anybody know that? You would know that from both the language in Wood and Williams. In Wood, they say, accordingly, one who provides the opportunity for a willing minor to engage in prostitution and influences, persuades and prevails upon her to do so, that conjunction is the difference. Providing the opportunity is saying, here's money for sex. You say to somebody, hey, go get me a girl, money for sex, that person who goes and does it is doing the conjunction. In this case, it was A.S. What you're saying may – could be a plausible reading of the statute, but I don't know why it's compelled by the statute. Well, it is – I mean, the question that you asked the Attorney General about the parallel statute has never been answered by them in the briefing, and I didn't hear it answered here. But logic and statutory construction dictate that the legislature, in using two statutes that are parallel and the same kind of criminal structure, means the same thing by those terms if it doesn't say otherwise. And they dictate that they don't put in terms that are meaningless. All right. You've used your time. Thank you very much for your argument. I could just make one final point, and that is simply this. If the Attorney General wants to disagree with that legislative scheme and with Wood and Williams, the place to resolve this question is in the Oregon courts on the remand that Judge Hagerty ordered. Thank you. Very briefly, I think there are two errors with the argument that's been advanced by counsel. One is that the statute simply isn't limited to pimps. There's nothing that suggests that that's the case. On the contrary, the statute, as it's been interpreted by the courts in Oregon, simply require influencing, persuading, and prevailing upon. And for that reason, these facts would suggest to trial counsel that there was a very grave risk the defendant would be convicted at trial. Could you explain again why, on your view of the statute, the facts with regard to the last count could have met the statute? Of the two counts, the second one involved a scheme whereby the defendant went out and recruited a madam. He effectively recruited a pimp. The second one involved a scheme whereby the defendant went out and recruited a minor. He went to a minor and said, I would like you to go out and find girls for me to have sex with in exchange for money. And you can tell them that I'll make one of them my girlfriend, and they will manage my pet store. And so what we have here is, in effect, worse than being a pimp. Hiring an agent or something. It is literally recruiting a minor to function as a madam for him. Again, the counsel suggested that the correct constitutionally mandated legal advice would be to tell the client that it is, quote, highly likely that he would be acquitted. I would suggest the exact opposite. I suggest to the court that if that advice were given, the defendant would likely have been convicted and we would be here with an ineffective assistance of counsel claim based on that advice. Because there's nothing to suggest in the statute or the case law that the defendant's conduct fell outside the scope of the statute. And the facts that were presented to counsel at the time certainly suggested that there was a very grave risk, that if he did not plead guilty, he would be convicted at trial. So how do you explain, in the parallel to the adult statute? I think it is correct that a court might conclude that being a mere customer of a prostitute is not enough to constitute influencing, persuading, or prevailing upon. So just paying somebody for sex isn't going to do it? It's very possible if that fact pattern were presented to an Oregon court, they might conclude that, both with respect to the adult statute and with the minor statute. What is different here is that that factual scenario wasn't present to the attorney. And so there was nothing here to suggest he should be providing that advice. On the contrary, in a statute about influencing, persuading, and prevailing upon, there was very clear evidence that the defendant had done just that. The primary allegation in one of the counts was that he'd used force, coercive force. And in the second, he'd engaged in this scheme of recruiting a minor to be a madam and going out and recruiting other minor girls to have sex with him. And I think the advice that my colleague is suggesting was constitutionally mandating would have been irresponsible. Thank you very much. Thank you to counsel for an interesting argument and an interesting case. The case of Ritchie v. Blackletter was submitted. We will take a short recess. Thank you.
judges: Farris, Nelson D. W., Berzon